Axhi BIBA, Xhemile Biba, Jusuf Biba, Petitioners,

v.

U.S. DEPARTMENT OF JUSTICE, Executive Office for Immigration Review, Board of Immigration Appeals, Respondents.

Nos. 06–2627–ag (L), 06–2720–ag (con), 06–2725–ag (con).

United States Court of Appeals, Second Circuit.

April 5, 2007.

Linda C. Flanagan, New York, NY, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Jeffery J. Bernstein, Senior Litigation Counsel, Rebecca A. Niburg, Office of Immigration Litigation, Washington, D.C., for Respondents.

PRESENT: Hon. PIERRE N. LEVAL, Hon. JOSÉ A. CABRANES, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioners Jusuf Biba, his wife Xhemile Biba, and their minor child Axhi Biba (collectively, "the Bibas"), natives and citizens of Macedonia, seek review of a May 12, 2006 order of the BIA affirming the January 21, 2005 decision of Immigration Judge ("IJ") Philip Morace denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jusuf Biba, et al.,* Nos. A97 646 352/353/354 (B.I.A. May 12, 2006), *aff'g* Nos. A97 646 352/353/354 (Immig. Ct. N.Y. City Jan. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ As an initial matter, we decline to consider the Bibas' claims for relief under the CAT, because they have failed to argue these claims meaningfully in their brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005). Therefore, the Bibas' petitions are considered only to determine whether the agency erred in denying their applications for asylum and withholding of removal.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review *de novo* the IJ's legal conclusion that the evidence presented by the Bibas was insufficient to satisfy their burden of proof. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir.2003).

The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta,* 19 I & N Dec. 211, 216 (BIA 1985). This Court has clarified that a valid past persecution claim can be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse. *See Beskovic v. Gonzales,* 467 F.3d 223, 226 n. 3 (2d Cir. 2006) (citing *Tian–Yong Chen,* 359 F.3d at 128). However, this harm must be sufficiently severe as to rise above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006).

■ In this case, while Jusuf Biba testified that he had been questioned by Macedonian officials on several occasions about, *inter alia,* the whereabouts and activities of his brother, a political activist, Jusuf denied that he had ever been taken into custody and stated that his problems with the authorities were limited to "psychological[ ]" pressure. Notably, he specifically stated that he had never been physically harmed by officials. As such, the IJ did not err in concluding that he had not suffered past persecution. Moreover, as to Biba's well-founded fear of future persecution, the IJ reasonably concluded that it was not likely that Macedonian officials would target him for persecution now, when they had not persecuted him in the past, despite having had ample opportunity to do so. Accordingly, the IJ's denial of Biba's application for asylum was supported by substantial evidence. Because Biba was unable to meet his burden of establishing eligibility for asylum, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motions for a stay of removal are DIS-

MISSED as moot. Any pending requests for oral argument are DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).